IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02390-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

STEVEN DEAN BYFIELD

    Applicant,

v.

CITY AND COUNTY OF DENVER COLORADO SHERIFF OFFICE DEPARTMENT,
SHERIFF'S OFFICE AND ITS LAW ENFORCEMENT OFFICERS,
DENVER CITY AND COUNTY COURT OFFICERS,
DENVER CITY AND COUNTY CIVIL OFFICERS AND DENVER COUNTY
    COLORADO,

    Respondent.

---

### ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES
---

Applicant, Steven Dean Byfield, initiated this action by filing *pro se* a writ of habeas corpus on October 28, 2015. (ECF No. 1). He has paid the $5.00 filing fee.  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a) and (b), the Court has determined that the submitted document is deficient as described in this order. Applicant will be directed to cure the following if he wishes to pursue his claims.  Any papers that Applicant files in response to this Order must include the civil action number on this Order.

**Application to Proceed in District Court Without Prepaying Fees or Costs**:
(1)   __   is not submitted
(2)   __   is not on proper form (must use the Court's current form)
(3)   __   is missing original signature by Plaintiff
(4)   __   is missing affidavit

(5)   __   affidavit is incomplete
(6)   __   affidavit is not properly notarized
(7)   __   names in caption do not match names in caption of complaint, petition or application
(8)   __   other:

**Complaint or Petition**:
(9)    __   is not submitted
(10)   X   is not on proper form (must use the court's current form)
(11)   __   is missing an original signature by the Plaintiff
(12)   __   is incomplete
(13)   __   uses et al. instead of listing all parties in caption
(14)   __   names in caption do not match names in text of Complaint
(15)   __   addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(16)   __   other:

Additionally, it is unclear if Applicant meets the jurisdictional "in custody" requirement for seeking relief via habeas corpus. He lists his current address as a P.O. Box in Denver, Colorado. An individual seeking habeas corpus relief must be in custody under the challenged conviction or sentence at the time the application is filed. *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVellee*, 391 U.S. 234, 238 (1968)). Consequently, a state prisoner cannot challenge the constitutionality of his conviction if he has completed his sentence for the conviction at the time the § 2254 petition is filed. *Maleng*, 490 U.S. at 491; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("[Petitioner] is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions," citing 28 U.S.C. § 2254(a) and *Maleng*).

The custody requirement extends beyond physical custody to encompass severe restraints on an individual's liberty imposed because of the individual's criminal conviction, which are not shared by the public generally. *See, e.g., Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973) (finding that convict released on his own recognizance

pending execution of his sentence is "in custody" because he is obligated to appear at times and places ordered by the court); *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963) (holding that parolee was "in custody" under his unexpired sentence because his release from physical confinement was conditioned on his reporting regularly to parole officer, remaining in a particular community, residence, and job, and refraining from certain activities); *Olson v. Hart*, 955 F.2d 940, 942-43 (10th Cir. 1992) ("Probationary status is sufficiently 'in custody' pursuant to section 2254 to permit habeas relief.").

However, once the sentence imposed for a conviction has expired, "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensely*, 411 U.S. at 351. As a result, "its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Id.* If Applicant was not "in custody," at the time he filed his Writ of Habeas Corpus, he must file a General Complaint, and pay the increased filing fee, instead of filing a Writ of Habeas Corpus.

Finally, if Applicant is "in custody" for purposes of filing a writ of habeas corpus, the law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Therefore, Applicant should only name as Respondents the warden,

superintendent, jailer, or other custodian along with the Attorney General of the State of Colorado.  Accordingly, it is

ORDERED that Applicant cure the deficiencies designated above **within thirty days from the date of this Order**.  It is

FURTHER ORDERED that Applicant shall obtain the Court-approved Application for Writ of Habeas Corpus Pursuant to 28 U.S.C.§ 2254 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov), and use the form to cure the above noted deficiencies.  It is

FURTHER ORDERED that if Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this Order**, the action will be dismissed without further notice.

DATED October 29, 2015, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge